# D. G. ESHLEMAN v. R. M. BOLENIUS.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF LANCASTER COUNTY.

Argued May 21, 1891—Decided October 5, 1891.

1. The attorney of an administrator made a deposit of estate money with a private banker, receiving a certificate of deposit therefor, payable in one year with interest. In such case, the transaction was a loan, unauthorized by law, for which the administrator was responsible on the insolvency of the banker: Baer's App., 127 Pa. 360.

2. The administrator himself becoming insolvent, the attorney, who was also a surety on the administration bond, paid the amount lost on the deposit to the distributees entitled. The deposit having been the act of the attorney, done without the knowledge or ratification of his co-surety, the latter was not liable to make contribution.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and MITCHELL, JJ.

No 26 July Term 1889, Sup. Ct.; court below, No. 37 June Term 1890, C. P.

On June 3, 1890, David G. Eshleman brought assumpsit against Robert M. Bolenius, filing a statement of claim averring in substance as follows:

That letters of administration upon the estate of John H. Harman, late of Baltimore county, Md., deceased, were issued to Daniel M. Harman of said Baltimore county, on October 16, 1883, by the register of wills of Lancaster county, Pa.; that, on the same day, said Daniel M. Harman filed his bond with

Statement of Facts.

the said register, with David G. Eshleman, the plaintiff, and Robert M. Bolenius, the defendant, as his sureties, in the sum of $3,600, conditioned for his payment of the moneys in his hands as such administrator unto such person or persons as the Orphans' Court by their decree should limit and appoint; that, on September 14, 1886, the said administrator filed his account, and upon the settlement thereof by the auditor it was finally decreed, in confirmation of the auditor's report, that there should be paid by the said administrator the sum of $1,146.33, to the costs of said audit and to certain distributees (named) of the estate of said John H. Harman, deceased; that after the granting of letters of administration to him, the said Daniel M. Harman had become insolvent, and continued to be insolvent; and that after said decree of the Orphans' Court, the said Daniel M. Harman having neglected to pay said moneys, the plaintiff, to avoid the costs and expenses of threatened litigation, paid to the several distributees the sums decreed to be paid to them; that the plaintiff afterward received into his hands moneys of the estate amounting to the sum of $307.42, and therefore furnished of his own money only the sum of $838.91, the one half of which, to wit, the sum of $419.45, he claimed to recover from the defendant as his co-surety.

On June 14, 1890, the defendant filed an affidavit of defence, averring in substance as follows :

That the plaintiff was the attorney for the administrator of John H. Harman, deceased, as well as co-surety with the defendant on the said administrator's bond; that the plaintiff, acting as said attorney, received from Reuben Baer, executor of the last will and testament of Daniel Harman, deceased, the sum of $1,374.61; that of the sum so received, after paying several small items, there remained the sum of $1,346.61; "that afterwards the plaintiff deposited the sum of $1,354.11, on June 25, 1884, in the bank of A. S. Henderson, in the city of Lancaster, without the knowledge or consent of the defendant in this suit, taking a certificate of deposit of which the following is a copy :

"'$1,354.11.                                    No. 1,549.

"'BANKING HOUSE OF A. S. HENDERSON,

"'LANCASTER, Pa., June 25, 1884.

"'D. M. Harman administrator of the estate of John H. Har-

Statement of Facts.

man, deceased, has deposited in this office, thirteen hundred and fifty-four and $\frac{11}{100}$ dollars, payable to his order or the order of D. G. Eshleman, his attorney, on the return of this certificate, twelve months after date, with interest at the rate of four per cent per annum.                    A. S. HENDERSON.

" ' No interest allowed after due.                    W. H.'

" That this certificate of deposit the plaintiff received and held until the thirteenth day of January, 1885, when A. S. Henderson died, and it was learned that he was insolvent.    Afterwards, the plaintiff, as attorney for D. M. Harman, administrator as aforesaid, presented a claim against the estate of A. S. Henderson, deceased, upon the said certificate of deposit, and there was paid to him a dividend amounting to $357.42.

" That your affiant had no knowledge from any one that the said plaintiff had received the money of the estate of John H. Harman, as aforesaid, and only learned of it when a citation was issued out of the Orphans' Court of Lancaster county, in 1886, upon D. M. Harman, administrator, to file his account.

" That your affiant at no time ratified the action of the plaintiff in making the deposit of said money in the bank of A. S. Henderson, all of which your affiant expects to be able to prove on the trial of said suit.

" That the loss sustained by the estate of John H. Harman, deceased, as aforesaid, was caused by the negligence and want of care on the part of the plaintiff, in depositing the money in said bank, who, as a surety on the administrator's bond, voluntarily assumed the duty and obligation of keeping the money of said estate safe, and in a secure place, for purposes of distribution."

A rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence having been argued, the court, PATTERSON, J., on November 15, 1890, filed an opinion citing Kaufman v. Iron Co., 105 Pa. 541 ; Hinckley v. Shope, 2 Pears. 17 ; Endlich on Aff. of D., § 376 ; Ball v. Monagan, 1 W. N. 188 ; Black v. Halstead, 39 Pa. 64 ; Gowen v. McPherson, 10 Phila. 358, and ordered judgment to be entered for the plaintiff for $434.52.    Thereupon, the defendant took this appeal, assigning the order entering judgment for the plaintiff, for want of a sufficient affidavit of defence, for error.

Opinion of the Court.

*Mr. B. Frank Eshleman*, for the appellant.

Counsel cited: Frankenfield's App., 11 W. N. 373 (127 Pa. 369 n.); Baer's App., 127 Pa. 360.

*Mr. G. Ross Eshleman* and *Mr. Charles L. Landis* for the appellee.

Counsel cited: Shaeffer v. McKinstry, 8 W. 258.

OPINION, MR. JUSTICE GREEN:

The affidavit of defence contains a positive averment that the money received by the plaintiff for Daniel M. Harman, administrator, etc., was deposited by the plaintiff in Henderson's bank, and that he took therefor a certificate of deposit payable twelve months after date, with interest at four per cent. This certificate we held in Baer's App., 127 Pa. 360, to be a loan not authorized by law, for which the administrator was personally liable. It seems now that Mr. Eshleman, who was attorney for the administrator, was also one of the sureties on his bond, and paid the loss himself. He seeks to recover in the present action one half the loss from the defendant, who was his co-surety. The defendant alleges in his affidavit of defence that the loan made to the Henderson bank by the plaintiff was made without his knowledge or consent, and that he never ratified the action of the plaintiff in making the loan. The loss of the money was the result exclusively of the unauthorized loan made by the plaintiff to the Henderson bank, and it is difficult to understand upon what principle the defendant can be held responsible for any part of the loss as between him and the plaintiff. The facts set forth in the affidavit of defence must be accepted as verity for the purposes of the case as it is now presented, and upon these facts the plaintiff's own action was the sole cause of the loss. Had the loan been made by the administrator, a different question would have arisen. But, as it is, conceding the entire good faith of the plaintiff, the case must be determined by the very familiar principle, that, where one of two innocent persons must suffer, he must bear the loss whose act or neglect has been the occasion of the suffering: Jeffers v. Gill, 91 Pa. 290. It was the plaintiff himself whose act occasioned the loss, according to the facts stated in the affidavit of defence, and therefore he cannot recover against

the defendant, who was entirely innocent of any participation in the act.

Judgment reversed, and procedendo awarded.